UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS SANTANA,** | ) NO. CV 04-04880-SS |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION AND OPINION** |
| v. ) | **DISMISSING CASE WITHOUT PREJUDICE** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |

On July 2, 2004, Plaintiff, proceeding <u>pro per</u>, brought an action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for disability benefits. On July 21, 2004, the parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.

On July 8, 2004, the Court issued a Case Management Order, which set out the briefing schedule for this case. Defendant filed an Answer on February 3, 2005. In accordance with the Case Management Order, the parties were to file a Joint Stipulation by April 11, 2005.

When the April 11, 2005 deadline passed and no Joint Stipulation was filed, the Court issued an order on May 17, 2005 requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) ("OSC Order"). Plaintiff was given until June 7, 2005, to file a declaration establishing good cause as to why he has not taken further action in this case. He was also ordered to inform the Court what stage of the Case Management Order he was at and submit a proposed order or stipulation extending the briefing schedule. Plaintiff was expressly advised that failure to respond to the order would result in the dismissal of his action without prejudice for failure to prosecute. He was further warned that a dismissal without prejudice could serve as a dismissal with prejudice, as Plaintiff may be barred by the statute of limitations set forth in 42 U.S.C.5 405(g).

On June 7, 2005, Plaintiff filed a declaration in response to the OSC Order. He stated that he did not realize he needed to follow the time limits set forth in the Case Management Order and he requested an extension of time until June 28, 2005 to submit a written settlement proposal to Defendant. He stated that he did not expect that there would be any further delays or missed deadlines. By Order filed on June 7, 2005, the Court granted Plaintiff's request for an extension of time ("Extension Order").

Under the terms of the Court's Case Management Order, Plaintiff is required to deliver to Defendant a written proposal of settlement within 21 days of the date of service of a copy of the administrative record. (See Case Management Order, ¶ V). Defendant served a copy of the

administrative record on November 8, 2004, so Plaintiff's original settlement letter was due 21 days later, or by November 29, 2004. Plaintiff failed to comply with this deadline. However, on June 7, 2005, he sought an extension of time to submit his settlement letter to June 28, 2005, which the Court granted.

According to the Court's Case Management Order, the Commissioner was required to respond to the settlement demand within 28 days of receipt of the proposal. Assuming that the settlement demand was served by June 28, 2005, the Commissioner was required to serve its response on Plaintiff by July 26, 2005.

Independent of these events, the Order requires the parties to prepare a Joint Stipulation. (See Case Management Order at p. 9). Plaintiff was required to submit his portion of the Joint Stipulation to the Defendant within 21 days of filing the Answer. In this case, Plaintiff's portion of the Joint Stipulation was therefore due by February 24, 2005. There is no indication that this was accomplished. If Defendant received Plaintiff's portion of the Joint Stipulation, Defendant would have provided its portion to Plaintiff by March 24, 2005. The Joint Stipulation should have been filed no later than April 11, 2005. (See Case Management Order, ¶ IX (A), (B), (C), (D)). The Joint Stipulation was not filed by this date nor was it filed at any time thereafter. Plaintiff has therefore failed to comply with multiple deadlines set in the Court's Order.

Since the date of his last request for an extension, June 7, 2005, Plaintiff has not filed any other pleadings. In fact, he has not

communicated with the Court in any way since June 7, 2005. None of the Court's orders have been returned to the Court as undeliverable. Thus, the Court believes that Plaintiff has received the Court's orders, was aware of his obligations under the orders, and has simply chosen to ignore them. Under these circumstances, dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

**DISCUSSION**

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. V. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. Id. (citing Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S. Ct. 112, 903 L. Ed. 2d 60 (1986)). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915, 113 S. Ct. 321, 121 L. Ed. 2d 242 (1992)).

\\
\\

**A.   Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors--public interest in expeditious resolution of litigation and the need to manage the Court's docket--weigh in favor of dismissal. Plaintiff failed to comply with multiple requirements of the Court's order, including service of a settlement demand and the filing of a Joint Stipulation.

Plaintiff missed these deadlines despite an explicit warning of imminent dismissal. Moreover, this case has been pending for almost eight months, since June 7, 2005, without any communication from Plaintiff. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

**B.   The Risk Of Prejudice To Defendants**

The third factor--prejudice to defendants--also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984), cert. denied, 470 U.S. 1007, 105 S. Ct. 1368, 84 L. Ed. 2d 387 (1985). The risk of prejudice, however, is related to the plaintiff's reason for defaulting. Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff has offered no explanation for failing to file the Joint Stipulation or any other pleading after the Extension Order. Where a party offers a poor excuse for failing to

comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. Yourish, 191 F.3d 983, 991-92. Here, Plaintiff has offered no excuse for failing to file the Joint Stipulation and therefore the "prejudice" element favors dismissal.

### C. Less Drastic Alternatives

The fourth factor--the availability of less drastic sanctions--ordinarily counsels against dismissal. The Court has, however, attempted to avoid outright dismissal by expressly warning Plaintiff of imminent dismissal in the event of a failure to take further action in his case. Cf. Oliva, 958 F.2d at 274 (reversing dismissal because of absence of indications that alternative sanctions were considered and lack of warning to counsel that dismissal was imminent). The Court also warned Plaintiff that he may be barred from bringing any new action due to the statute of limitations. Plaintiff expressly acknowledged the time deadlines in his response to the OSC Order and stated that he did not expect any further delays or missed deadlines. The Court cannot move the case forward without Plaintiff's participation in this action. It has been almost eight months since Plaintiff has communicated with the Court. Plaintiff has shown that he is either unwilling or disinterested in prosecuting this action. Sanctions other than dismissal do not appear to be appropriate given that Plaintiff has failed completely to participate in his own litigation.

\\
\\
\\

### D. **Public Policy Favoring Disposition On The Merits**

The fifth factor--public policy favoring disposition of cases on their merits--also ordinarily weighs against dismissal. Notwithstanding this policy, it is the responsibility of the moving party to move toward that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having ample time. Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file the Joint Stipulation or any other pleading within the given time frames.

### E. **Dismissal Of This Action Is Warranted**

In view of the foregoing, the Court concludes that dismissal of this action is warranted. Although the dismissal will be without prejudice, Plaintiff is again advised that, pursuant to 42 U.S.C. § 405(g), a party seeking judicial review of the Commissioner's final decision denying benefits must generally file a complaint in federal court within sixty days of the mailing of such decision by the Commissioner. Given that the sixty day period has already expired, even a dismissal without prejudice may serve as a dismissal with prejudice, as Plaintiff may be barred by the statute of limitations from bringing any new action.

\\
\\
\\

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute and obey court orders.

DATED: February _2__, 2006.


_____/s/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE